**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOHNNIE NASH, *pro se*, ) | CASE NO. 1:12-CV-02234 |
| Plaintiff, ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| COMMISSIONER OF SOCIAL ) SECURITY, ) | MAGISTRATE JUDGE GREG WHITE |
| Defendant. ) | **REPORT AND RECOMMENDATION** |

On August 31, 2012, Plaintiff Johnnie Nash ("Plaintiff"), *pro se*, filed a Complaint challenging her partial denial of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381.[1]  (ECF No. 1.)

On December 26, 2012, Defendant Commissioner of Social Security ("Commissioner") filed her Answer and the Transcript.  (ECF Nos. 11 & 12.)  Pursuant to the Court's Initial Order (ECF No. 5), Plaintiff had sixty (60) days – until February 25, 2013 – to file her Brief on the Merits.  On March 5, 2013, Plaintiff filed an untimely Letter stating that she believed she was

---

[1] A hearing was held on March 8, 2011 before an administrative law judge ("ALJ") where Plaintiff was represented by counsel. (Tr. 17.)  As noted in the decision from that hearing, Plaintiff was previously found disabled as of September 2, 2008.  *Id*.  The March 2011 hearing and ensuing decision did not disturb that finding, and was held solely to address whether Plaintiff was disabled since January 20, 2005, the alleged onset date.  *Id*.

entitled to Supplemental Security Income for "some months" in 2005. (ECF No. 13.) The Court did not consider this letter as a Brief on the Merits, since Plaintiff did not raise anything resembling a legal argument. (ECF No. 14.) It is well settled that "inartfully pleaded allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (internal quotation marks omitted) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Further, allegations in *pro se* pleadings are entitled to "liberal construction" which sometimes requires "active interpretation ... to encompass any allegation stating federal relief." *Id*. Nonetheless, it is not this Court's function to scour the administrative record and craft arguments on Plaintiff's behalf.

As such, the Court ordered Plaintiff to file a Brief on the Merits no later than March 26, 2013. (ECF No. 14.) Instead, on March 19, 2013, filed another letter which again failed to raise anything resembling a legal argument, but stating that she felt she should have received payments for 2008 until 2013.[2] (ECF No. 15-1.) Thereafter, the Court set a Show Cause hearing for May 13, 2013. (ECF No. 16.) In the interim, the Commissioner filed a Motion to Dismiss for Lack of Prosecution. (ECF No. 17.)

At the hearing, the Court informed Plaintiff that it is unclear from her letters what portion of the Commissioner's decision she is challenging. Plaintiff again merely stated that she thought she was entitled to more money. The Court explained that Plaintiff must raise some sort of legal argument based on the record as to why she is entitled to back benefits. The Court also read material portions of the Initial Order to Plaintiff, explaining that "Plaintiff's brief shall first set

---

[2] During a Show Cause hearing, Plaintiff conceded that she had been receiving benefits since 2008.

forth a list of 'Legal Issues,' followed by a recitation of 'Facts,' and then an 'Argument' or 'Analysis' section." (ECF No. 18.) Plaintiff was expressly informed that if she did not file a response to the motion to dismiss, as well as a brief raising cognizable claims, or obtain counsel by June 7, 2013, her cause of action would be subject to dismissal. *Id*.

Instead of filing a brief, Plaintiff filed a motion for extension of time on June 7, 2013 – the day her brief was due.[3] (ECF No. 19.) While the Court understands that the legal system is daunting for those without any legal training, "dismissal of a case for lack of prosecution is appropriate when a *pro se* litigant fails to adhere to readily comprehended court deadlines." *May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001). Plaintiff's very first letter, even if construed as a brief, was untimely. Her second submission made no attempt to cure the shortcomings of her first. Now, despite being given a third opportunity to file a brief, Plaintiff seeks a last minute extension of thirty days. While Plaintiff, based on her appearance at the Show Cause hearing and the filing of her motion for extension clearly wants more time to comply, the Court has no confidence that Plaintiff is willing to expend the effort necessary to move this case forward. Notably, Plaintiff offers no explanation as to why she was unable to submit a timely brief. The transcript was filed over five months ago, and all efforts to move the case forward have been thwarted by Plaintiff's failure to comply with the Court's orders. Giving Plaintiff what amounts to a fourth opportunity is, in this Court's view, excessive. "Although dismissal is harsh, it may be appropriate when no alternative sanction would protect the integrity of pre-trial procedures." *Harkleroad v. Astrue*, 2011 WL 3627161 (N.D. Ohio Aug. 17, 2011) (*citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

---

[3] That motion has been denied in a separate order.

For the foregoing reasons, it is recommended that the Commissioner's Motion to Dismiss for Lack of Prosecution (ECF No. 17) be GRANTED.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: June 12, 2013

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**