IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE NASH, *pro se*, | ) | CASE NO. 1:12 CV 2234 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | Magistrate Judge Greg White |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Greg White. (Docket #20.) The Magistrate Judge recommends that the Court grant the Motion to Dismiss for Lack of Prosecution filed by the Commissioner (Docket #17) and dismiss the Complaint filed by Johnnie Nash, *pro se*, challenging the partial denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381.

As set forth by the Magistrate Judge, the procedural history of this case is as follows:

On August 31, 2012, Plaintiff Johnnie Nash ("Plaintiff"), pro se, filed a Complaint challenging [his] partial denial of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381.1 (ECF No. 1.)

On December 26, 2012, Defendant Commissioner of Social Security ("Commissioner") filed her Answer and the Transcript. (ECF Nos. 11 & 12.) Pursuant to the Court's Initial Order (ECF No. 5), Plaintiff had sixty (60) days –

until February 25, 2013 – to file [his] Brief on the Merits. On March 5, 2013, Plaintiff filed an untimely Letter stating that [he] believed [he] was entitled to Supplemental Security Income for "some months" in 2005. (ECF No. 13.) The Court did not consider this letter as a Brief on the Merits, since Plaintiff did not raise anything resembling a legal argument. (ECF No. 14.) . . .

As such, the Court ordered Plaintiff to file a Brief on the Merits no later than March 26, 2013. (ECF No. 14.) Instead, on March 19, 2013, [he] filed another letter which again failed to raise anything resembling a legal argument, but stating that [he] felt [he] should have received payments for 2008 until 2013. (ECF No. 15-1.) Thereafter, the Court set a Show Cause hearing for May 13, 2013. (ECF No. 16.) In the interim, the Commissioner filed a Motion to Dismiss for Lack of Prosecution. (ECF No. 17.)

At the hearing, the Court informed Plaintiff that it is unclear from [his] letters what portion of the Commissioner's decision [he] is challenging. Plaintiff again merely stated that [he] thought [he] was entitled to more money. The Court explained that Plaintiff must raise some sort of legal argument based on the record as to why [he] is entitled to back benefits. The Court also read material portions of the Initial Order to Plaintiff, explaining that "Plaintiff's brief shall first set forth a list of 'Legal Issues,' followed by a recitation of 'Facts,' and then an 'Argument' or 'Analysis' section." (ECF No. 18.) Plaintiff was expressly informed that if [he] did not file a response to the motion to dismiss, as well as a brief raising cognizable claims, or obtain counsel by June 7, 2013, [his] cause of action would be subject to dismissal. Id.

Instead of filing a brief, Plaintiff filed a motion for extension of time on June 7, 2013 – the day [his] brief was due. (ECF No. 19.)

Report and Recommendation at pp. 1-3, footnotes omitted. (Docket #20.)

On June 12, 2013, the Magistrate Judge denied Plaintiff's Motion for Extension of Time and issued his Report and Recommendation, recommending that the Motion to Dismiss filed by the Commissioner be granted and the case be dismissed. (Docket #20.)

Plaintiff filed no objections to the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are

made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. The Commissioner's conclusion must be affirmed "'absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record.'" *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. Tenn. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th

Cir. Mich. 2004)). Substantial evidence is evidence that a "reasonable mind might accept . . . as adequate to support a conclusion." *Id.* If substantial evidence exists to support the Commissioner's conclusion, this court must affirm that conclusion "even if there is substantial evidence . . . that would have supported an opposite conclusion." *Id.*

### Discussion

This Court has reviewed the Magistrate Judge's Report and Recommendation and has thoroughly considered the procedural history as well as the record in this case.

Taking into consideration his *pro se* status, the Magistrate Judge repeatedly instructed Plaintiff that he was required to present legal argument to support his challenge to the decision of the Commissioner and provided Plaintiff with specific instructions for briefing. Plaintiff was informed during a Show Cause hearing on May 13, 2013 that in order to avoid dismissal, he must file a response to the Motion to Dismiss filed by the Commissioner, as well as a brief raising cognizable claims, or obtain counsel by June 7, 2013. Plaintiff did not respond to the Commissioner's Motion to Dismiss for Lack of Prosecution; did not file a brief on the merits; and, presumably did not obtain Counsel. Instead, Plaintiff asked for an additional 30 days to file his brief, which the Magistrate Judge denied. In his Report and Recommendation, the Magistrate explained that Plaintiff had consistently failed to comply with the Court's previous orders; had done nothing to move the case forward; and, that giving Plaintiff a fourth opportunity to comply with the Court's requirements would be excessive. This Court agrees and finds dismissal to be appropriate under the facts and circumstances of this case.

In addition to the foregoing, the Court has reviewed all filings of record in this case *de novo*, including the Transcript of Proceedings and the decision of the ALJ. Even if Plaintiff's

Complaint were not subject to dismissal for failure to prosecute, the decision of the ALJ that Plaintiff was not disabled from April 20, 2005 until September 2, 2008 is supported by substantial evidence and would otherwise be affirmed by the Court.

### Conclusion

The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge White (Docket #20) and GRANTS the Motion to Dismiss for Failure to Prosecute filed by the Commissioner (Docket #17). Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

This case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: August 30, 2013